UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DERRICK CAMPBELL,

    Plaintiff,

vs.

CITY OF MIAMI GARDENS,
a Municipal Entity, Three Unknown
Officers of the City of Miami Gardens Police
Department, in their individual capacities,

    Defendants.
_____/

## COMPLAINT

PLAINTIFF, DERRICK CAMPBELL, sues the DEFENDANTS, CITY OF MIAMI GARDENS, a Municipal Entity and THREE UNKNOWN OFFICERS of the CITY OF MIAMI GARDENS POLICE DEPARTMENT, in their individual capacities, and states as follows:

### JURISDICTION, PARTIES, AND VENUE

1.    This is a civil action seeking money damages against the City of Miami Gardens and three unknown officers of the City of Miami Gardens Police Department.  This action is for the violation of plaintiff's constitutional rights by defendants initiating and executing a search of plaintiff's residence and unlawfully seizing the plaintiff without probable cause, and for other claims arising from the officers' actions.

2.    At all relevant times, Plaintiff, Derrick Campbell, was and is a resident of Miami-Dade County, Florida, residing at 2865 NW 196th Terrace, Miami Gardens, Florida 33056. Derrick Campbell was born and raised in Jamaica and is a legal resident of the United States of America.

3. Defendant, City of Miami Gardens, is a Florida municipality incorporated pursuant to the laws of the State of Florida.

4. Defendants, Three Unknown Officers of the City of Miami Gardens Police Department, were, at all times material, police officers for the City of Miami Gardens and were, at all times material, acting under color of state law.

5. Jurisdiction in this Court is appropriate under 28 U.S.C. §§ 1331 and 1343(3) because this is a civil action arising under the Constitution of the United States seeking redress for the deprivation, under color of state law, of rights secured to Plaintiff by the Fourth and Fourteenth Amendments.

6. Plaintiff's claims for relief are predicated on 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the Constitution and law of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought under § 1983.

7. This Court has supplemental jurisdiction with respect to the counts brought pursuant to Florida law under 32 U.S.C. § 1367, because each count derives from a common nucleus of operative fact, the claims are so interrelated that they should be tried in one judicial proceeding, and considerations of judicial economy, convenience, and fairness to all litigants indicate that the Court should exercise its discretion to hear the pendent claims.

8. In respect to the counts brought under Florida law, all counts are brought pursuant to the waiver of sovereign immunity in Florida Statute 768.28, a Notice of the Claim was served in compliance with Florida Statute § 768.28, and all conditions precedent to the filing of this action have occurred or have been waived.

## GENERAL ALLEGATIONS

**I.     The alarm calls to the City of Miami Gardens Police Department**

9.      On or around 4:50 p.m. on July 8, 2016, the City of Miami Gardens Police Department received a call from an alarm company indicating an alert at 2865 NW 169th Terrace, Miami Gardens, Florida 33056. Upon information and belief, a second alert was reported at that address approximately five minutes later.

10.     On information and belief, the City of Miami Gardens Police Department received another call from the owner or resident of 2865 NW 169th Terrace approximately eight minutes after the initial call. The caller repeated the address for the alert and asked when police would arrive because the caller had access to cameras for the property and had not seen any responding officers. The City of Miami Gardens Police Department employee assured the caller that police were very busy but would respond as soon as possible.

11.     Either prior to or after receiving the call from the property owner or resident, the City of Miami Gardens Police Department employee called the alarm company that reported the initial alert.  On that call, the police department employee erroneously asked about an alert at 2865 NW *196th* Terrace—Derrick Campbell's address—an error that the alarm company representative corrected during the call.

12.     Upon information and belief, the police department dispatcher issued a call for an alarm at 2865 NW 196th Terrace, notwithstanding the alarm company's clarification.  In other words, the dispatcher issued a call for an alarm at Derrick Campbell's address, despite the fact that no alarm had been triggered at that address and, upon information and belief, the police had received no calls on that date referring to that address.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

**II.     Police arrive at the property**

13.     Upon information and belief, three officers of the City of Miami Gardens Police Department responded to the dispatcher's erroneous call regarding 2865 NW 196th Terrace on or around 5:45 p.m.—approximately one hour after the initial call from the alarm company.

14.     Footage from surveillance cameras at the property show that the responding officers likely did not suspect the intruder was still present. The footage shows officers were relaxed and slowly strolled to the property line.



15.     For over ten minutes, the officers remained outside the property. During this time, the officers circled around an alleyway and searched the back porch and the shed behind the home. The officers did not encounter any signs of forced entry, other persons in the vicinity, or other signs of suspicious activity.

16.     Despite lacking a warrant, and despite the absence of any lawful basis for a warrantless entry, the officers decided to enter Derrick Campbell's home. Footage from a security camera inside the home shows the officers abruptly entering the darkened house—guns drawn—

4

and using flashlights to search inside closets, behind curtains, and even inside Derrick's refrigerator.



17. Finding nothing, the officers continued their search deeper into Derrick's home. Eventually, the officers entered Derrick's bedroom.

### III. Derrick Campbell

18. On the afternoon of July 8, 2016, Derrick Campbell was asleep in his home at 2865 NW 196th Terrace, Miami Gardens, Florida 33056.

19. On or around 6 p.m., Derrick was lying face down in bed when he was startled awake by City of Miami Gardens police officers holding a gun to his head.

20. Upon information and belief, one of the responding officers recognized Derrick from an earlier call. This officer told the other two officers something similar to "we have the wrong guy."

21. Despite confirming that Mr. Campbell was "the wrong guy," and despite still lacking a warrant or any lawful basis for a warrantless search, the officers proceeded to handcuff Derrick and continue searching the house.

5

22. After several minutes, the officers finished their search and released Derrick. Shaken, Derrick walked the officers off the property.

23. Upon information and belief, the officers intentionally failed to file a report on the incident despite assuring Derrick that a superintendent would speak with him about the search of the property and his detention.

24. The shock of waking up inside his home, in the dark, with three figures standing over him with guns drawn has severely impacted Derrick's personal and professional life, and has left him with significant psychological suffering and injuries. Derrick suffers from frequent nightmares, panic attacks, and has been diagnosed with Post-Traumatic Stress Disorder.

## COUNT I
## 42 U.S.C. § 1983—Illegal Search Against Three Unknown Officers

25. Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

26. This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the unknown officers individually.

27. On July 8, 2018, the three unknown officers, acting under color of state law in the course and scope of their duties, entered and searched Derrick Campbell's residence.

28. The officers' actions deprived Derrick of his constitutional rights under the Fourth Amendment to the United States Constitution.

29. The officers' search of the apartment deprived Derrick of his Fourth Amendment right against unreasonable searches without a warrant or probable cause. The search of Derrick's residence was unreasonable because multiple calls between the Miami Gardens Police Department confirmed that an alarm was sounding at 2865 NW 169th Terrace—not 2865 NW 196th Terrace, where Derrick lives—the officers arrived nearly an hour after the initial call, and because the

6

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

officers' preliminary search of the property for over ten minutes prior to entering the residence found no signs of forced entry or of a crime taking place.

30. In addition, even if entering and searching the residence was reasonable under the circumstances, the officers exceeded the lawful scope of the search by searching areas that no person could hide inside and that could not have triggered an interior motion alarm, such as inside Derrick's refrigerator.

31. The officers knew or should have known that their search was limited in scope by law—for example, limited by the scope of the call. In responding to a possible burglary call, there is no reasonable justification for entering a residence that shows no sign of forced entry or a crime for over ten minutes. There is no lawful reason or justification for searching inside of a refrigerator for a suspect after entering the residence. Therefore, the officers intentionally exceeded the lawful scope of their search in hopes of finding an illicit substance—an unjustifiable reason for violating Derrick's Fourth Amendment rights under the circumstances because the officers lacked probable cause for such a search.

32. Further, upon information and belief, one of the officers identified Derrick Campbell prior to Derrick's detention and handcuffing. Therefore, at the time of the identification, the officers knew or should have known that Derrick was not a suspect, posed no threat, and that the officers were misinformed or responding to a false alarm. Continuing a search of the residence after identifying Derrick Campbell was unreasonable and unlawful.

33. As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

## COUNT II
### 42 U.S.C. § 1983—Unlawful Seizure Against Three Unknown Officers

34. Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

35. This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the unknown officers individually.

36. On July 8, 2016, the officers, acting under color of state law in the course and scope of their duties, handcuffed Derrick Campbell after waking him with guns drawn and kept Derrick restrained until the officers completed their search.

37. The officers' detention of Derrick Campbell violated Derrick's Fourth Amendment right under the United States Constitution against unreasonable seizure without a warrant or probable cause and Derrick's Fourteenth Amendment right against deprivation of liberty by the State without due process of law.

38. Not only did the officers lack a warrant of any kind, but Derrick was identified by one of the officers after being found sleeping in the bedroom. That officer stated something similar to "we have the wrong guy," a clear indication that the officers knew or should have known that Derrick was neither a suspect nor a risk. Therefore, the officers knew or should have known that they lacked probable cause to detain Derrick Campbell, facedown and in handcuffs, while the officers continued to search the residence. Under the circumstances, Derrick Campbell's detention was unreasonable.

39. Moreover, there is no indication in the record that Derrick Campbell was armed, that the officers believed he was armed, or that this belief would be reasonable under the circumstances.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

40.     As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

### COUNT III
### 42 U.S.C. § 1983—Illegal Search Against City of Miami Gardens

41.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

42.     This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the City of Miami Gardens arising from an unconstitutional municipal policy.

43.     The city council of Miami Gardens is vested by state law with the authority to make policy for the city on searches and seizures by police officers employed by the City of Miami Gardens.  Police officers for the city—including, upon information and belief, the three unknown officers in this case—were and are, at all times material, aware that the city's policies regarding searches, seizures, and discipline.  Specifically, the city's policies as to the discipline of officers accused of violating those policies were so inadequate that it was obvious that a failure to correct them would result in further incidents of illegal searches.  Therefore, the city's policies, customs, and practices, as well as its failure to correct said policies, customs, and practices, caused the illegal search of Plaintiff as set forth above. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further discovery.

44.     On July 8, 2018, the officers, acting under color of state law in the course and scope of their duties, entered and searched Derrick Campbell's residence. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    | www.podhurst.com

45. The officers' actions deprived Derrick of his constitutional rights under the Fourth Amendment to the United States Constitution.

46. The officers' search of the apartment deprived Derrick of his Fourth Amendment right against unreasonable searches without a warrant or probable cause. The search of Derrick's residence was unreasonable because multiple calls between the Miami Gardens Police Department confirmed that an alarm was sounding at 2865 NW 169th Terrace—not 2865 NW 196th Terrace, where Derrick lives—the officers arrived nearly an hour after the initial call, and because the officers' preliminary search of the property for over ten minutes prior to entering the residence found no signs of forced entry or of a crime taking place.

47. In addition, even if entering and searching the residence was reasonable under the circumstances, the officers exceeded the lawful scope of the search by searching areas that no person could hide inside and that could not have triggered an interior motion alarm, such as inside Derrick's refrigerator.

48. The officers knew or should have known that their search was limited in scope by law—for example, limited by the scope of the call. In responding to a possible burglary call, there is no reasonable justification for entering a residence that shows no sign of forced entry or a crime for over ten minutes. There is no lawful reason or justification for searching inside of a refrigerator for a suspect after entering the residence. Therefore, the officers intentionally exceeded the lawful scope of their search in hopes of finding an illicit substance—an unjustifiable reason for violating Derrick's Fourth Amendment rights under the circumstances because the officers lacked probable cause for such a search.

49. Further, upon information and belief, one of the officers identified Derrick Campbell prior to Derrick's detention. At that time, the officers knew or should have known that

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Derrick was not a suspect, posed no threat, and that the officers were misinformed or responding to a false alarm. Continuing a search of the residence after identifying Derrick Campbell was unreasonable and unlawful.

50. The City of Miami Gardens had knowledge or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as alleged, were about to be committed. The City of Miami Gardens had power to prevent or aid in preventing the commission of this illegal search, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

51. The City of Miami Gardens, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, and wanton conduct of the officers described above. On information and belief, the City of Miami Gardens Police Department failed to create an incident report or follow-up on the reported conduct of its officers even after Plaintiff notified the department. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

52. As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

## COUNT IV
## 42 U.S.C. § 1983—Unlawful Seizure Against City of Miami Gardens

53. Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

54. This action is brought under 42 U.S.C. § 1983, which provides a remedy for a violation of an individual's constitutional rights, against the City of Miami Gardens arising from an unconstitutional municipal policy.

55. The city council of Miami Gardens is vested by state law with the authority to make policy for the city on searches and seizures by police officers employed by the City of Miami Gardens. Police officers for the city—including, upon information and belief, the three unknown officers in this case—were and are, at all times material, aware that the city's policies regarding searches, seizures, and discipline. Specifically, the city's policies as to the discipline of officers accused of violating those policies were so inadequate that it was obvious that a failure to correct them would result in further incidents of illegal searches. Therefore, the city's policies, customs, and practices, as well as its failure to correct said policies, customs, and practices, caused the illegal search of Plaintiff as set forth above. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further discovery.

56. On July 8, 2016, the officers, acting under color of state law in the course and scope of their duties, handcuffed Derrick Campbell after waking him with guns drawn and kept Derrick restrained until the officers completed their search. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

57. The officers' detention of Derrick Campbell violated Derrick's Fourth Amendment right under the United States Constitution against unreasonable seizure without a warrant or

12

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

probable cause and Derrick's Fourteenth Amendment right against deprivation of liberty by the State without due process of law.

58. Not only did the officers lack a warrant of any kind, but Derrick was identified by one of the officers after being found sleeping in the bedroom. That officer stated something similar to "we have the wrong guy," a clear indication that the officers knew or should have known that Derrick was neither a suspect nor a risk. Therefore, the officers knew or should have known that they lacked probable cause to detain Derrick Campbell, facedown and in handcuffs, while the officers continued to search the residence. Under the circumstances, Derrick Campbell's detention was unreasonable.

59. The City of Miami Gardens had knowledge or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as alleged, were about to be committed. The City of Miami Gardens had power to prevent or aid in preventing the commission of this illegal seizure, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

60. The City of Miami Gardens, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, and wanton conduct of the officers described above. On information and belief, the City of Miami Gardens Police Department failed to create an incident report or follow-up on the reported conduct of its officers even after Plaintiff notified the department. The allegations in this paragraph are likely to have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

61.     As a result of the actions of these officers, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT V
## Governmental Intrusion by City of Miami Gardens

62.     Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

63.     This action is brought under Article I, § 23 of the Florida Constitution, which guarantees a right to privacy free from governmental intrusion.

64.     This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

65.     At all relevant times, Derrick Campbell held a legitimate expectation of privacy within his home while sleeping in bed at 2865 NW 196th Terrace.

66.     On July 8, 2016, the officers of the City of Miami Gardens Police Department, acting under color of state law in the course and scope of their duties, knowingly and wrongfully intruded into Derrick's personal residence and bedroom. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

67.     The Miami Gardens Police Department's wrongful actions include:

   a. entering an exterior building and searching the exterior of 2865 NW 196th Terrace after erroneously responding to a call from 2865 NW 169th Terrace;

   b. after arriving nearly one hour after the initial call, and after over ten minutes of searching and *not* finding signs of forcible entry or a burglary underway, entering the private residence of Derrick Campbell;

      c. once inside the residence, searching various rooms, closets, and other areas of the residence without probable cause and where it would be unreasonable to search for an intruder even if there were a legitimate exigent circumstance; and

      d. waking and detaining Derrick Campbell in an undesirable and offensive manner, at gunpoint, after one of the officers identified Derrick and expressed that Derrick was the wrong man.

68. In conducting the wrongful acts listed above, the Miami Gardens Police Department wrongfully intruded on the private activities of Derrick Campbell in a manner that would cause outrage, mental suffering, shame, and humiliation to an ordinary person.

69. As a result of the actions of the Miami Gardens Police Department, Derrick Campbell suffered and continues to suffer severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT VI
**False Imprisonment by City of Miami Gardens**

70. Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

71. This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

72. On July 8, 2016, the officers of the City of Miami Gardens Police Department, acting under color of state law in the course and scope of their duties, knowingly and wrongfully intruded into Derrick's personal residence and bedroom. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

73. After waking Derrick Campbell at gunpoint in his home, the officers restrained Derrick with handcuffs against his will for several minutes while continuing to search the residence.

74. Prior to handcuffing Derrick Campbell, one officer stated that they had the wrong guy based on an earlier interaction with Derrick. This knowledge coupled with the surrounding circumstances—there were no signs of forced entry and Derrick was asleep and not threatening—made it unlawful to restrain Derrick Campbell.

75. As a result of the Miami Gardens Police Department's conduct, Derrick Campbell suffered and continues to suffer from severe mental and emotional trauma including, but not limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT VII
### Assault by City of Miami Gardens

76. Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

77. This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

78. In waking Derrick Campbell at gunpoint and handcuffing him, without a warrant or probable cause for entering or searching his residence, the officers intentionally and unlawfully directed an offer of injury towards Derrick under circumstances that created a fear of imminent peril and the apparent present ability to effectuate that injury.

79. As a result of the Miami Gardens Police Department's conduct, Derrick Campbell suffered and continues to suffer from severe mental and emotional trauma including, but not

**Podhurst Orseck P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

limited to, night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

## COUNT VIII
### Negligent Infliction of Emotional Distress by City of Miami Gardens

80. Plaintiff adopts and re-alleges each of the above paragraphs as if fully set forth herein.

81. This action is appropriate under the waiver of sovereign immunity in Florida Statute § 768.28.

82. On July 8, 2016, at all relevant times, Derrick Campbell was asleep in his home at 2865 NW 196th Terrace.

83. At approximately 4:50 p.m., the City of Miami Gardens Police Department received a call from an alarm company about an interior movement alarm at 2865 NW 169th Terrace. The police department received a second call from either the owner or a tenant, asking when officers would arrive at 2865 NW 169th Terrace. Additionally, the police department called the alarm company to confirm the alarm. On that call, the alarm company representative clarified that the alert came from 2865 NW 169th Terrace after the police dispatcher recited the address incorrectly.

84. Despite multiple calls, the Miami Gardens Police Department dispatched officers to Derrick Campbell's home at 2865 NW 196th Terrace.

85. The officers of the City of Miami Gardens Police Department, acting under color of state law in the course and scope of their duties, knowingly and wrongfully intruded into Derrick's personal residence and bedroom. At all times relevant, the officers were acting under the directions and control of the City of Miami Gardens and were acting pursuant to the official policy, practice, or custom of the City of Miami Gardens.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

86. After searching outside for several minutes, and finding no signs of forced entry or a crime in progress, the officers decided to enter the residence with guns drawn. The officers lacked probable cause for entering the residence and their entry was unlawful and unreasonable under the circumstances.

87. While conducting a search, the officers came across Derrick Campbell asleep face down in his bed. On information and belief, the officers did not turn on the lights. Derrick Campbell woke to multiple flashlights pointing in his eyes and dark figures looming over him with guns drawn. At this time, one officer indicated to the others that they had the wrong guy. Despite this warning, the officers proceeded to handcuff Derrick Campbell and continue to search the residence.

88. The officers' actions constitute negligence because the officers knew or should have known that waking Derrick in that manner—with flashlights obscuring his vision so that he could only see three dark figures over him with guns drawn—would be traumatic. Proceeding to handcuff Derrick despite knowledge that he was the wrong guy constitutes further negligent conduct that the officers knew or should have known would induce trauma.

89. As a result of his physical detention with handcuffs after being woken in his home at gunpoint by three officers of the Miami Gardens Police Department, Derrick Campbell suffered and continues to suffer severe psychological trauma in the form of night terrors, insomnia, panic attacks, and other injuries consistent with his diagnosed Post-Traumatic Stress Disorder.

**WHEREFORE**, Plaintiff demands judgement against Defendant for compensatory damages, costs, interest, attorneys' fees, and such other relief as this Court deems appropriate.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury of all issues triable as of right.

Dated: February 11, 2020

                                                Respectfully Submitted,

                                                **PODHURST ORSECK, P.A.**
                                                Attorneys for Plaintiff
                                                One S.E. 3rd Avenue, Suite 2700
                                                Miami, Florida 33131
                                                (305) 358-2800/Fax (305) 358-2382

                                                By:  /s/ Steven C. Marks
                                                     STEVEN C. MARKS
                                                     Fla. Bar No. 516414
                                                     smarks@podhurst.com
                                                     KRISTINA M. INFANTE
                                                     Fla Bar No. 112557
                                                     kinfante@podhurst.com

19

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com